UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                              Plaintiff,          Civil Case No.:

v.

                                              **COMPLAINT FOR**
                                              **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND RENE
FERNANDO ORELLANA-BACULIMA

                              Defendants.
-------------------------------------------------------------x

       Plaintiff, PELEUS INSURANCE COMPANY ("Peleus" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") and RENE FERNANDO ORELLANA-BACULIMA ("Orellana-Baculima").

## NATURE OF THE ACTION

       1.     In this action, Peleus seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insured, Elizabeth Street, LLC ("Elizabeth") in connection with an Underlying Action.

       2.     Orellana-Baculima alleges he suffered injuries on January 9, 2023, and subsequently filed an underlying action on September 14, 2023 in Supreme Court, New York County ("Underlying Action").

       3.     Peleus has been forced to defend Elizabeth in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify Elizabeth.

**PARTIES**

4. At all times material hereto, Peleus was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, Southwest was and is a foreign insurance company with its principal place of business in Morristown, New Jersey, is domiciled in New Jersey and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Orellana-Baculima was, and is, domiciled in the State of New York.

**JURISDICTION AND VENUE**

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

9. Personal jurisdiction over Orellana-Baculima is proper as he is a resident of, and domiciled in, the State of New York.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

4866-7712-8361, v. 1

## INSURANCE POLICY

11. Southwest issued a Commercial General Liability Policy to its Named Insured, JLM Painting ("JLM") ("Southwest Policy").

12. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

13. Elizabeth qualifies as an Additional Insured under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

14. In a November 4, 2021 contract, JLM agreed to procure insurance on behalf of Elizabeth, and to name Elizabeth as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest.

## ACCIDENT AND UNDERLYING LAWSUIT

15. On September 14, 2023, a Complaint was filed entitled, *Rene Fernando Orellana-Baculima v. Hudson Meridian Construction Group LLC and 204-210 Elizabeth Street LLC*; Supreme Court, New York County; Index No. 159065/2023 ("Underlying Action").

16. In the Underlying Action, Orellana-Baculima alleges that on January 9, 2023, he was working at 204-210 Elizabeth St., New York, New York when he was injured.

17. Peleus assigned counsel to defend Elizabeth and is paying for Elizabeth's defense in the Underlying Action.

## TENDERS

18. Peleus tendered to Southwest on behalf of Elizabeth on March 29, 2023, October 11, 2023 and October 30, 2023.

19. Southwest did not respond to the tenders.

4866-7712-8361, v. 1

20. Another tender was prepared and sent to Southwest on January 9, 2024.

21. Southwest did not respond to the tender.

22. To date, Southwest has not provided a response to Peleus' tenders on behalf of Elizabeth under the Southwest Policy.

23. Southwest has improperly failed to defend and indemnify Elizabeth in connection with the Underlying Action under the Southwest Policy.

24. Southwest is estopped from denying coverage to Elizabeth and has waived all potential coverage defenses under the Southwest Policy.

25. Peleus has been forced to defend Elizabeth in the Underlying Action and has incurred defense costs and expenses because of Southwest's improper refusal to defend and indemnify Elizabeth.

26. An actual controversy exists between Peleus and Southwest with respect to Southwest's duty to defend and to indemnify Elizabeth in connection with the Underlying Action.

27. Peleus has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

28. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "27'' as if fully set forth herein.

29. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

30. Elizabeth is Southwest's insured under the Southwest Policy and is entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

4866-7712-8361, v. 1

31. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Elizabeth under the Southwest Policy.

32. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Elizabeth and has waived all potential coverage defenses under the Southwest Policy.

33. Peleus is entitled to a declaration that Southwest has a duty to defend and indemnify Elizabeth on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Peleus for past defense costs and expenses incurred for Elizabeth as an Additional Insured under the Southwest Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

34. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "33" as if fully set forth herein.

35. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

36. All terms and conditions of the Southwest Policy have been complied with and met.

37. Southwest is obligated to defend and to indemnify Elizabeth on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

38. Southwest has breached its obligations by refusing to defend and to indemnify Elizabeth in connection with the subject accident and the Underlying Action under the Southwest Policy.

39. As a result of its violation of New York Insurance Law §3420, Southwest is estopped from denying coverage to Elizabeth and has waived all potential coverage defenses under the Southwest Policy.

40. As a result of Southwest's breach of its obligation to defend and to indemnify Elizabeth in connection with the subject accident and the Underlying Action, Peleus has been required to incur defense costs that should have been incurred by Southwest and continues to do so.

41. Peleus has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify Elizabeth in connection with the subject accident and the Underlying Action.

42. Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Elizabeth in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Southwest has a duty to defend and to indemnify Elizabeth on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Peleus for past defense costs and expenses;

b. Awarding Peleus all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify Elizabeth in connection with the subject accident and the Underlying Action; and

4866-7712-8361, v. 1

   c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
   February 29, 2024

         LONDON FISCHER LLP

         /s/ William J. Edwins
      By: James Walsh
        William J. Edwins
        Attorneys for Plaintiff
        Peleus Insurance Company
        59 Maiden Lane, 39th Floor
        New York, New York 10038
        (212) 972-1000
        Our File No.: 417.0567239